# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KROMA MAKEUP EU, LLC, a
United Kingdom Limited Liability
Company,

          Plaintiff,                               CASE NO. 6:14-cv-01551

v.

BOLDFACE    LICENSING    +
BRANDING,  INC.,  a  Nevada
Corporation, KIM KARDASHIAN,
a California resident, KOURTNEY
KARDASHIAN,    a    California
resident,    and        KHLOE
KARDASHIAN,    a    California
resident, and BY LEE TILLETT,
INC., a Florida Corporation,

          Defendants.

_____/

### DEFENDANT BY LEE TILLETT, INC.'S REPLY TO PLAINTIFF KROMA MAKEUP EU, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT, BY LEE TILLETT, INC.'S MOTION TO COMPEL ARBITRATION AS TO COUNTS VI OF THE COMPLAINT

Defendant, BY LEE TILLETT, INC. ("Tillett"), by counsel and pursuant to the

Order dated June 12, 2015 (Doc. 65), hereby submits its reply brief in response to

Plaintiff Kroma Makeup EU, LLC's Response in Opposition to Defendant, By Lee

Tillett, Inc.'s Motion to Compel Arbitration as to Counts VI of the Complaint (Doc. 63),

as follows:

While Plaintiff does not contest the first two (2) elements under *Sims v.*

*Clarendon Nat'l Ins.*, 336 F. Supp. 2d 1311, 1325 (S.D. Fla. 2004), it challenges the third

element.  Specifically, Plaintiff contends that Tillet waived its right to arbitrate because the Case Management Report states that the parties had not agreed to arbitrate.  [*See* Doc. 63., p. 8.]  This suggestion by Plaintiff ignores the simple fact that prior to the ruling on Tillett's Motion to Dismiss (Doc. 14), Tillett had no basis to exercise its right to compel arbitration.

To be sure, it has always been clear that Plaintiff brought its claim against Tillett based upon a purported promise made, not the Import Contract.  Having no indication that the Import Contract was at issue, Tillett moved to dismiss the promissory estoppel claim for failure to state a claim.  [Doc. 14.]  Any suggestion that the parties did not agree to arbitrate was solely because the parties were proceeding under the belief that the Import Contract containing the arbitration clause was not at issue.  Indeed, counsel never even discussed the arbitration clause until *after* the Court's ruling on Tillett's Motion to Dismiss (Doc. 52).

It was not until approximately two (2) months *after* the Case Management Report was filed and five (5) months *after* Tillett's Motion to Dismiss, that Tillett's right to compel arbitration became ripe.  When this Court determined that the only basis for a claim against Tillett was for breach of contract, not promissory estoppel, Tillett was able to enforce the arbitration clause in the Import Contract.[1]  [Doc. 52.]  By virtue of this sea change in the claim against Tillett, Tillett had a right to enforce the arbitration clause in the Import Contract.

---

[1]     It is of no moment that Plaintiff failed or refused to amend its claim when invited to do so by this Court, because this Court had already determined that the claim against Tillett was for breach of contract.  [Doc. 52.]

In considering the totality of the circumstances, it is apparent that any statement in the Case Management Report could not operate as a waiver of Tillett's *current right* to enforce the arbitration clause.  Plaintiff's contention that the Case Management Report has any bearing on the enforceability of the arbitration clause is unsupported by the procedural facts.

Plaintiff has failed to meet its heavy burden of establishing that Tillett knew it had a right to arbitrate when Plaintiff had never sued Tillett for breach of contract.  *See Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 n. 17 ("the party who argues waiver [of arbitration] 'bears a heavy burden of proof…'") (citing *Stone v. E.F. Hutton & Co.*, 898 F. 2d 1542, 1543 (11th Cir. 1990) (internal citations omitted).  In fact, Plaintiff did not even attach the Import Contract to its Complaint, nor did it refer to anything beyond an undefined agreement without even stating whether it was written or oral.  [Doc. 1., ¶¶ 10-12.]  Simply alleging that Tillett, as a signatory to a contract that was not the basis of the Complaint, is imputed with knowledge of a right to arbitrate falls far short of the burden Plaintiff must carry to establish waiver.

As to the suggestion of prejudice, this action is in its infancy with only minimal paper discovery and not a single deposition.  Any suggestion that the eight (8) months since this case was filed establishes prejudice, fails to recognize the amount of delay attributable to Plaintiff.  In fact, Plaintiff moved for an extension to respond to Tillett's Motion to Dismiss.  [Doc. 16.]  Thereafter, Plaintiff sought a second extension on virtually the same grounds.  [Doc. 20.]  Additionally, Plaintiff delayed the case by granting the Kardashian Defendants a lengthy extension to respond to the Complaint.

[Doc. 33.]

Plaintiff wholly failed to demonstrate that Tillett waived its right to enforce the arbitration clause of the Import Contract.  *See Wilson v. Par Builders II, Inc.,* 879 F. Supp. 1187, 1189 (M.D. Fla. 1995) (citing *Moses H. Cone Hosp., v. Mercury Constr. Corp.*, 460 (U.S. 1 (1983)).  Given this failure, as well as the lack of any prejudice to Plaintiff, Tillett's Motion to Compel Arbitration should be granted.

Dated this 25th day of June, 2015.

STOVASH, CASE & TINGLEY, P.A.


By: */s/ Kirsten D.Blum*
Amy S. Tingley, Esquire
Florida Bar No. 0688713
Primary email: atingley@sctlaw.com
Kirsten D. Blum, Esquire
Florida Bar No. 0085736
Primary email: kblum@sctlaw.com
Florida Bar No. 0085736
The VUE at Lake Eola
220 N. Rosalind Avenue
Orlando, Florida 32801
Telephone: (407) 316-0393
Facsimile: (407) 316-8969
*Attorneys for Defendant, By Lee Tillett, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that on this 25th day of June, 2015, a true and correct copy of the foregoing has been furnished via the following method:

| | |
|---|---|
| ___HAND DELIVERY<br>___U.S. MAIL<br>___FAX TRANSMISSION<br>___E-MAIL TRANSMISSION<br>✓ ECF NOTICE | **Ronnie J. Bitman, Esquire**<br>**Allison Morat, Esquire**<br>485 N. Keller Road, Suite 401,<br>Maitland, Florida 32751<br>*rbitman@pearsonbitman.com*<br>*amorat@pearsonbitman.com* |
| ___HAND DELIVERY<br>___U.S. MAIL<br>___FAX TRANSMISSION<br>___E-MAIL TRANSMISSION<br>✓ ECF NOTICE | **Michael Kump, Esquire**<br>**Jonathan Steinsapir, Esquire**<br>**Gregory Gabriel, Esquire**<br>808 Wilshire Boulevard, Third Floor,<br>Santa Monica, CA 90401<br>*mkump@kwikalaw.com*<br>*jsteinsapir@kwikalaw.com*<br>*ggabriel@kwikalaw.com* |
| ___HAND DELIVERY<br>___U.S. MAIL<br>___FAX TRANSMISSION<br>___E-MAIL TRANSMISSION<br>✓ ECF NOTICE | **Nolan K. Klein, Esquire**<br>Wells Fargo Tower-Suite 1500,<br>One East Broward Blvd.,<br>Ft. Lauderdale, Florida 33301<br>*klein@nklegal.com* |
| ___HAND DELIVERY<br>___U.S. MAIL<br>___FAX TRANSMISSION<br>___E-MAIL TRANSMISSION<br>✓ ECF NOTICE | **Jared H. Beck, Esquire**<br>**Elizabeth Lee Beck, Esquire**<br>**Kimberly Diaz, Esquire**<br>Corporate Park at Kendall,<br>12485 SW 137th Avenue, Suite 205,<br>Miami, Florida 33186<br>*jared@beckandlee.com*<br>*elizabeth@beckandlee.com*<br>*Kimberly@beckandlee.com* |

                                                                     */s/ Kirsten D. Blum*
                                                                     Kirsten D. Blum, Esquire